UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JEFFREY JAKUBIAK, Individually and On behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>QUANTUMSCAPE CORPORATION, and CONTINENTAL STOCK TRANSFER & TRUST COMPANY,<br><br>    Defendants. | Case No.:   1:20-cv-10842<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1446, 15 U.S.C. §§ 77p(c) and 77v(a), and 15 U.S.C. §§ 78aa(a) and 78bb(f)(2), Defendant QuantumScape Corporation ("QuantumScape" or the "Company") hereby removes to this Court the state court action described below:

### BACKGROUND

1. On December 11, 2020, an action was commenced in the Supreme Court of the State of New York, New York County, captioned *Jeffrey Jakubiak v. QuantumScape Corporation et al.*, Index No. 656963/2020. A true and correct copy of the Summons and Class Action Complaint and all papers filed in this case are collectively attached as Exhibits 1 and 2. A true and correct copy of the state court docket is attached as Exhibit 3.

2. QuantumScape has not pleaded, answered, or otherwise appeared in the case.

### PROCEDURAL REQUIREMENTS

3. Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal is being filed less than thirty days after QuantumScape received a copy of the Complaint.

4.	Pursuant to 28 U.S.C. § 1446(d), QuantumScape will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and will file a copy with the Supreme Court of the State of New York, County of New York.

## GROUNDS FOR REMOVAL

5.	In sum, this action is a civil action of which this Court has jurisdiction under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77p, 78bb, and is removable to this Court pursuant to the provisions of 15 U.S.C. §§ 77p(c), 78bb(f) in that it is a covered class action brought in New York state court under state law involving a covered security under 15 U.S.C. § 77r(b); 15 U.S.C. § 78bb(f)(5)(E).

6.	The Securities Act of 1933, 15 U.S.C. § 77p(c), provides: "Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), *shall be removable* to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)." (emphasis added). Under subsection (b), a "covered class action based upon the statutory or common law of any State" is a suit that, *inter alia*, alleges "an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security[.]" *Id*.; 15 U.S.C. § 77p(b)(1).

7.	Similarly, the Securities Exchange Act of 1934, 15 U.S.C. § 78bb(f)(2), provides: "Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), *shall be removable* to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1)." (emphasis added). Under subsection (1), a "covered class action based upon the statutory or common law of any State" is a suit that, *inter alia*, alleges a "misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security[.]" *Id*.; 15 U.S.C. § 78bb(f)(1)(A).

8. This case is a "covered class action" under Sections 77p and 78bb. The statutes define a covered class action in relevant part as one in which "damages are sought on behalf of more than 50 persons or prospective class members" and common questions predominate. 15 U.S.C. § 77p(f)(2)(A)(i)(I); 15 U.S.C. § 78bb(f)(5)(B)(i)(I). The allegations of the Complaint unmistakably satisfy these criteria. Plaintiff seeks damages as a "class action" on behalf of holders of warrants issued by Kensington Capital Acquisition Corp. ("Kensington").[1] Compl. ¶ 34. Plaintiff alleges a numerous class, with "18,750,000 warrants outstanding, which are held by thousands of record and beneficial owners." Compl. ¶ 35. And Plaintiff further alleges that "[t]here are common questions of law or fact in this action that relate to and affect the rights of each member of the Class and predominate over any questions affecting only individual class members[.]" Compl. ¶ 38.

9. The warrants at issue are "covered securities" because they are traded on the New York Stock Exchange, a national securities exchange and are warrants to acquire the common stock of QuantumScape, which is also traded on the New York Stock Exchange. 15 U.S.C. §§ 77p(f)(3), 77r(b)(1); 15 U.S.C. § 77bb(f)(5)(E); Compl. ¶ 7 (alleging that the warrants began trading on the New York Stock Exchange fifty-two days after the initial public offering that occurred on June 30, 2020).

10. Plaintiff seeks damages flowing from a purported misrepresentation or "untrue statement or omission of a material fact in connection with the purchase or sale of a covered security[.]" 15 U.S.C. § 77p(b)(1); 15 U.S.C. § 78bb(f)(1)(A). The Complaint's overarching

---

[1] As set forth in the Class Action Complaint ("Compl."), Kensington was formed as a special purpose acquisition company, completing an initial public offering on June 30, 2020 and subsequently closing a business combination transaction with QuantumScape on November 25, 2020, whereby the name of Kensington changed to QuantumScape. Compl. ¶¶ 4, 6, 17.

allegation is that Kensington's SEC's filings failed to disclose that the warrants' exercise period would be 12 months after the warrants were first sold, instead stating that the warrants would become exercisable 30 days after the consummation of the business combination transaction between Kensington and QuantumScape. Compl. ¶¶ 19-23, 46; *see also* Compl. ¶¶ 57 & 63 (referring to the failure of the SEC-filed documents to mention any 12-condition as a "deliberate … omission"); Compl. ¶ 65 ("The Company was aware that holders and purchasers of the warrants would rely to their detriment on the statements made in the public SEC filings."); Compl. ¶ 66 ("Plaintiff and the other class members suffered injury as a result of such reliance by purchasing and/or holding the warrants based on the Company's public statements that the exercise period would begin 30 days after the QuantumScape transaction closed.").

11. Accordingly, this action is removable to this Court under 15 U.S.C. §§ 77p(c), 78bb(f)(2). While Plaintiff styles his Complaint solely as a breach of contract action, avoiding any reference to the securities laws, such artful pleading is not allowed to circumvent SLUSA. *In re Kingate Mgmt. Ltd. Litig.*, 784 F.3d 128, 140 (2d Cir. 2015) (plaintiffs are not "to escape SLUSA by artfully characterizing a claim as dependent on a theory other than falsity when falsity nonetheless is essential to the claim, such as by characterizing a claim of falsity as a breach of . . . contractual duty[.]"); *In re Herald*, 730 F.3d 112, 119 (2d Cir. 2013) ("Since 'SLUSA requires our attention to both the pleadings and the realities underlying the claims,' plaintiffs cannot avoid SLUSA 'merely by consciously omitting references . . . to the federal securities law.") (quoting *Romano v. Kazacos*, 609 F.3d 512, 523 (2d Cir. 2010)).

12. The other defendant in the action, Continental Stock Transfer & Trust Company, consents to removal to federal court as evidenced by the Declaration of Consent to Removal attached hereto as Exhibit 4.

Dated: December 22, 2020

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


*s/ Sheryl Shapiro Bassin*
Sheryl Shapiro Bassin
Zachary M. Kravat
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: sbassin@wsgr.com
Email: zkravat@wsgr.com


IGNACIO E. SALCEDA
(*pro hac vice* admission to be applied for)
REBECCA L. EPSTEIN
(*pro hac vice* admission to be applied for)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-9301
Email: ISalceda@wsgr.com
Email: bepstein@wsgr.com

*Counsel for Defendant QuantumScape Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 22, 2020, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Southern District of New York, and served via email upon counsel identified below:

Carol S. Shahmoon
Gregory E. Keller
SHAHMOON KELLER PLLC
One Great Neck Road, Suite 7
Great Neck, New York 11021
Telephone: (646) 517-4399
Facsimile: (646) 880-9359
Email: cshahmoon@shahmoonkeller.com
Email: gkeller@shahmoonkeller.com

*Counsel for Plaintiff Jeffrey Jakubiak*

Mark A. Harmon
HODGSON RUSS LLP
605 Third Ave, Suite 2300
New York, New York 10158
Telephone: (646) 218-7616
Facsimile: (646) 943-7073
Email: MHarmon@hodgsonruss.com

*Counsel for Defendant Continental Stock Transfer & Trust Company*

| | |
|---|---|
| Dated: December 22, 2020 | Respectfully submitted, |
| | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| | *s/ Sheryl Shapiro Bassin*<br>Sheryl Shapiro Bassin<br>1301 Avenue of the Americas, 40th Floor<br>New York, New York 10019<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5899<br>Email: sbassin@wsgr.com |
| | *Counsel for Defendant QuantumScape Corporation* |