# Exhibit 1

FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM

NYSCEF DOC. NO. 1

INDEX NO. 656963/2020

RECEIVED NYSCEF: 12/11/2020

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

JEFFREY JAKUBIAK, Individually and
On behalf of All Others Similarly Situated,

      Plaintiff,

   -against-

QUANTUMSCAPE CORPORATION, and
CONTINENTAL STOCK TRANSFER &
TRUST COMPANY,

      Defendants.

**Index No.**

**SUMMONS**

Plaintiff designates
New York County
as the place of trial

The Basis of Venue is
CPLR § 503(a)

**TO THE ABOVE NAMED DEFENDANTS:**

   **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on plaintiff's attorney within twenty (20) days after service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM
NYSCEF DOC. NO. 1

INDEX NO. 656963/2020
RECEIVED NYSCEF: 12/11/2020

Dated: Great Neck, New York
December 11, 2020

SHAHMOON KELLER PLLC

By: _____

Carol S. Shahmoon
cshahmoon@shahmoonkeller.com
Gregory E. Keller
gkeller@shahmoonkeller.com
One Great Neck Road, Suite 7
Great Neck, New York 11021
Tel:  (646) 517-4399
Fax:  (646) 880-9359

*Attorneys for Plaintiff Jeffrey Jakubiak*

TO:

QUANTUMSCAPE CORPORATION
1730 Technology Drive
San Jose, California 95110
SERVE ON:
The Corporation Trust Company
Registered Agent
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

CONTINENTAL STOCK TRANSFER &
TRUST COMPANY
One State Street
30th Floor
New York, New York 10004
SERVE ON:
One State Street
30th Floor
New York, New York 10004
Attn: Michael G. Mullins,
Chief Compliance Officer and Secretary

*Defendants*

4853-1402-4404, v. 4

FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM
NYSCEF DOC. NO. 1

INDEX NO. 656963/2020
RECEIVED NYSCEF: 12/11/2020

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

JEFFREY JAKUBIAK, Individually and
On behalf of All Others Similarly Situated,

      Plaintiff,

 -against-

QUANTUMSCAPE CORPORATION and
CONTINENTAL STOCK TRANSFER & TRUST
COMPANY,

      Defendants.

---

**Index No.**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Jeffrey Jakubiak ("Plaintiff"), by and through his undersigned attorneys, for his

class action complaint against Defendants QuantumScape Corporation, successor in interest to

Kensington Capital Acquisition Corp., and Continental Stock Transfer & Trust Company, alleges

the following upon information and belief, except as to those allegations concerning Plaintiff,

which are alleged upon personal knowledge.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to CPLR §§ 301 and 302.

Defendants conduct business, committed the alleged wrongful acts, and contracted with respect

to the subject matter of this action in the State of New York.  Defendants have sufficient

minimum contacts with the State of New York to make the exercise of personal jurisdiction over

each Defendant proper under traditional notions of fair play and substantial justice.

2.      Venue is proper in New York County pursuant to CPLR § 503(c) because

Defendant Continental Stock Transfer & Trust Company resides in and maintains its principal

office in New York County.

1

FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM
NYSCEF DOC. NO. 1

INDEX NO. 656963/2020
RECEIVED NYSCEF: 12/11/2020

## PARTIES

3.      Plaintiff Jeffrey Jakubiak is an individual residing in the state of Florida.

4.      Defendant QuantumScape Corporation ("QuantumScape" or the "Company") is a corporation organized under the laws of the state of Delaware and headquartered in San Jose, California.  Pursuant to a business combination that closed on November 25, 2020, QuantumScape is the successor to Kensington Capital Acquisition Corp. ("Kensington Capital"), a Delaware corporation that was headquartered in Westbury, New York.

5.      Defendant Continental Stock Transfer & Trust Company ("Continental") is a New York corporation headquartered in New York, New York.

## FACTUAL ALLEGATIONS

6.      Kensington Capital was formed on April 27, 2020 as a special purpose acquisition company, also known as a blank check company, for the purpose of effecting a merger or other business combination with one or more businesses in the automotive sector.

7.      On June 30, 2020, Kensington Capital completed an initial public offering of 23 million units at $10 per unit, generating gross proceeds of $230 million.  Each unit consisted of one share of Class A common stock and one-half of one warrant to purchase one Class A share for $11.50.  Fifty-two days after the initial public offering, the Class A common stock and the warrants began trading separately on the New York Stock Exchange.

8.      The proceeds of the offering, less certain expenses, were held in trust by Continental pending the use of the funds to consummate a business combination.  If such a transaction were not completed in two years, the proceeds were required to be returned to the holders of the Class A shares.

2

FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM
NYSCEF DOC. NO. 1

INDEX NO. 656963/2020
RECEIVED NYSCEF: 12/11/2020

9.      Kensington Capital also entered into a warrant agreement with Continental which established the form of the warrants and the rights of the warrant holders.  The warrant agreement provides that it is governed by New York law and makes courts in the state of New York the exclusive forum for any claims arising out of the agreement.

10.     Pursuant to the warrant agreement, Continental was appointed warrant agent to maintain books for the registration of original issuance and registration of transfer of the warrants in accordance with instructions from the Company.

11.     The warrants permit holders to purchase shares of Class A common stock of the Company for $11.50 per share, or in the event of any reclassification or reorganization, to purchase and receive the kind and amount of consideration that the holder would have received had he or she exercised the warrant immediately prior to such reclassification or reorganization.

12.     As warrant agent, Continental is responsible for the administrative actions involved in the exercise of the warrants – receiving the election to purchase shares pursuant to the exercise of a warrant and payment of the warrant price.  Upon exercise of the warrant, the Company is required to issue the shares of common stock.

13.     The Company is also required, under section 7.4.1 of the warrant agreement, to use commercially reasonable efforts to file with the Securities Exchange Commission ("SEC") a registration statement for the registration under the Securities Act of the shares issuable upon exercise of the warrants "as soon as practicable but in no event later than twenty (20) Business Days after the closing of its initial Business Combination."  In addition, the Company is required under the warrant agreement to use commercially reasonable efforts to cause the registration of such shares to become effective by the 60th business day following the closing of the Business Combination.

3

FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM
NYSCEF DOC. NO. 1

INDEX NO. 656963/2020
RECEIVED NYSCEF: 12/11/2020

14.     If the registration does not become effective by the 61st business day following the closing of the Business Combination, the holders of the warrants have the right to exercise the warrants on a "cashless basis," pursuant to which they will receive shares that are not required to be registered and are freely tradable under the federal securities laws.

15.     In a section titled "Duration of Warrants," the warrant agreement stated that the warrants may be exercised during the period commencing on the later of 30 days following the completion of a business combination and the date that is twelve months from the closing of the initial public offering and ending five years from the date on which the Company completes its initial business combination.

16.     There are currently 18,075,000 warrants outstanding, consisting of 11,500,000 classified as "Public Warrants" issued with the units in the initial public offering, and 6,575,000 classified as "Private Warrants" issued to the sponsor of Kensington Capital.  Both classifications of warrants have similar terms relating to the time of exercise.

17.     On September 2, 2020, after almost two months of negotiations, Kensington Capital entered into a business combination agreement with QuantumScape Corporation ("Legacy QuantumScape), a privately held Delaware corporation that is developing a lithium-metal solid-state battery technology for use in electric vehicles.  Pursuant to the agreement, Legacy QuantumScape was to be merged into Kensington Capital, with all of its shares exchanged for shares of Kensington Capital, and the name of Kensington Capital changed to QuantumScape.

18.     In connection with the negotiation and documentation of the business combination, Kensington Capital was represented by the law firm of Hughes, Hubbard & Reed LLP and UBS Securities.  Hughes Hubbard acted as counsel to the Company in connection with

4

FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM

NYSCEF DOC. NO. 1

INDEX NO. 656963/2020

RECEIVED NYSCEF: 12/11/2020

the initial public offering and the warrant agreement.  QuantumScape was represented by the law firm of Wilson Sonsini and by Goldman Sachs.  These advisors prepared, or assisted in the preparation of, all of the SEC filings for the transaction.

19.     On September 21, 2020, the Company filed with the SEC a preliminary combined proxy statement and prospectus to seek approval of the business combination from Kensington Capital's shareholders and to register the shares of the surviving company in the merger.  The Company anticipated that upon closing of the business combination, it would have outstanding approximately 219.3 million Class A common shares and 157.5 Class B common shares.

20.     The proxy statement and prospectus addressed the warrants, which were defined as the "Kensington Warrants," in two separate sections.  The very first section, titled "QUESTIONS AND ANSWERS ABOUT THE BUSINESS COMBINATION," stated at page 9 in the answer to the fifth question that the warrants "will become exercisable 30 days after the consummation of the Business Combination, and expire at 5:00 p.m., New York City time, five years after the consummation of the Business Combination or earlier upon redemption or liquidation."

21.     The section of the preliminary proxy and prospectus entitled "Description of Kensington's Securities," at page 225, described the warrants as follows:

> Each Kensington Warrant entitled the registered holder to purchase one share of Kensington Class A Common Stock at a price of $11.50 per share, subject to adjustment as discussed below, ***at any time commencing 30 days after the consummation of the initial business combination.*** (emphasis added).

22.     One and a half months later, on November 12, 2020, the Company publicly filed its definitive combined proxy and registration statement with the SEC.  The definitive document

5

FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM
NYSCEF DOC. NO. 1

INDEX NO. 656963/2020
RECEIVED NYSCEF: 12/11/2020

described the rights of the holders of the warrants in the same language as the preliminary proxy and prospectus.

23.     In the initial section, "QUESTIONS AND ANSWERS ABOUT THE BUSINESS COMBINATION," the definitive proxy and prospectus stated at page 9 in answer to the fifth question, "[t]he Kensington Warrants will become exercisable 30 days after the Closing [of the proposed business combination]…"  In the section titled "Description of Kensington's Securities," at page 237, the definitive document repeated the language from the preliminary document

> Each Kensington Warrant entitled the registered holder to purchase one share of Kensington Class A Common Stock at a price of $11.50 per share, subject to adjustment as discussed below, ***at any time commencing 30 days after the consummation of the initial business combination.*** (emphasis added).

24.     The definitive proxy statement and prospectus noticed a special meeting of shareholders on November 25, 2020 to vote on the business combination between Kensington Capital and Legacy QuantumScape.  It further indicated that the business combination would close and be consummated "promptly following the special meeting of stockholders, provided that all other conditions to the Closing have been satisfied or waived."

25.     Plaintiff relied on the language of the SEC filings concerning the date upon which the warrants will become exercisable – 30 days after consummation of the business combination -- to purchase warrants in the public market.  Between October 20, 2020 and December 8, 2020, Plaintiff, as trustee for the Jeffrey Jakubiak Revocable Living Trust, purchased, and continues to hold 12,000 warrants.  Plaintiff also purchased on December 9, 2020, and continues to hold, 1,500 warrants in his individual retirement account.

6

FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM

NYSCEF DOC. NO. 1

INDEX NO. 656963/2020

RECEIVED NYSCEF: 12/11/2020

26.     At the special meeting of shareholders on November 25, 2020, the shareholders of Kensington Capital approved the business combination.  The transaction closed on the same day.

27.     As a result, as stated in the preliminary and definitive proxy statement and prospectus, the warrants will become exercisable on December 25, 2020.

28.     On December 10, 2020, Plaintiff sent an email to the investor relations department at QuantumScape indicating that he sought to exercise the warrants in December 2020 pursuant to the 30-day provision.  Plaintiff received a response stating that the warrants would not become exercisable under the 30-day provision and that the exercise period would instead commence on June 30, 2021, "as listed on the IR FAQs page (which was drafted and approved by legal the week of deal close)."

29.     When Plaintiff indicated that he had purchased warrants based on the language in the proxy statement and prospectus set forth above, he was told by email that "[t]he difference is that most deals close more than one year after the SPAC IPO'ed.  Kensington's official IPO was June 30, 2002, and hence 'the later of' language in this case actually is applicable given KCAC was quick to do a deal."

30.     The Company has made clear that it does not intend to allow the warrants to be exercised 30 days after the closing of the business combination on November 25, 2020, as was set forth in the proxy statement and prospectus.

31.     Plaintiff is suffering injury from the failure to allow exercise of the warrants within 30 days of the closing of the business combination on November 25, 2020 as set forth in the proxy statement and prospectus.  The market for Plaintiff's warrants and the QuantumScape stock for which they may be exercised may decline substantially between December 25, 2020 and June 30, 2020, the date that the Company insists is the earliest exercise date.  As set forth in

7

FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM
NYSCEF DOC. NO. 1

INDEX NO. 656963/2020
RECEIVED NYSCEF: 12/11/2020

the proxy statement and prospectus, QuantumScape competes in a highly competitive market and will continue to so incur losses until it begins significant production of its batteries, "which is not expected to occur until 2024, and may occur later."

32.     Plaintiff and the Class could suffer hundreds of millions of dollars in losses or lost profits if they are not permitted to exercise the warrants beginning on December 25, 2020 in accordance with the term set forth in the proxy statement and prospectus.  They may never be able to recover such losses, as the Company has no revenue, does not anticipate having revenue in the near future, has incurred accumulated losses of $295.9 million since inception, and expects to continue to incur operating and net losses through 2024.

33.     The Company will suffer no injury whatsoever by allowing Plaintiff and the Class to exercise the warrants beginning December 25, 2020 as provided in the Company's proxy statement and prospectus.  The exercise of the warrants will provide proceeds of up to $207 million to an enterprise that has no other current source of capital.

## CLASS ACTION ALLEGATIONS

34.     This action is brought by Plaintiff, for himself and on behalf of all other holders of warrants issued by Kensington Capital on June 30, 2020, as a class action pursuant to CPLR § 901 et seq.

35.     The members of the Class are so numerous and geographically dispersed that joinder of all members is impracticable.  While the exact number of Class members remains unknown at this time, there are 18,750,000 warrants outstanding, which are held by thousands of record and beneficial owners.

36.     The claims of Plaintiff are typical of the claims of all Class members.  Plaintiff is situated identically to all members of the Class with respect to the issues presented in this case,

8

FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM

NYSCEF DOC. NO. 1

INDEX NO. 656963/2020

RECEIVED NYSCEF: 12/11/2020

and plaintiff and all members of the Class hold the same security and have the same rights in that security. The claims of Plaintiff are based on the same fundamental factual allegations and legal theories as the claims of all other members of the Class.

37.     All members of the Class have been adversely affected by the actions of the Defendants alleged in the complaint.

38.     There are common questions of law or fact in this action that relate to and affect the rights of each member of the Class and predominate over any questions affecting only individual class members, including, among other things:

    a.  The rights of holders of the warrants and the obligations of the Defendants with respect to the warrants;

    b.  The effect of the statements in the proxy statement and prospectus concerning the exercise of the warrants;

    c.  Whether Plaintiff and the Class are suffering injury from the failure to allow exercise of the warrants 30 days after the closing of the business combination;

    d.  The entitlement of Plaintiff and the members of the Class to declaratory and injunctive relief; and

    e.  The measure of damages resulting from the Defendants' failure to allow exercise of the warrants as set forth in the proxy statement and prospectus.

39.     Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel experience in class action litigation involving corporate securities.

40.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

9

FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM
NYSCEF DOC. NO. 1

INDEX NO. 656963/2020
RECEIVED NYSCEF: 12/11/2020

## CAUSES OF ACTION

### COUNT I

**(For Breach of Contract – Waiver of Condition)**

41.     Plaintiff realleges the preceding paragraphs as if fully set forth here.

42.     The warrant represents a contract between the Company, the warrant agent, and the holders of warrants.

43.     The contract permits registered warrant holders, at their option, to exercise their warrants and purchase at a price of $11.50 one share of Class A common stock of the Company for each registered warrant, at any time during an exercise period commencing 30 days after the consummation of the business combination with QuantumScape and expiring no later than five years after the business combination.

44.     The business combination with QuantumScape occurred on November 25, 2020, and thus, the exercise period commences on December 25, 2020.

45.     Defendants incorrectly take the position that it is a condition of the contract that the warrants are not exercisable until 12 months after the warrants were initially sold to the public, which would push out the date on which the exercise period commences to June 30, 2021 and would require warrant holders to wait an additional six months beyond December 25, 2020.

46.     The Company's assertion that the exercise commencement date be delayed to June 2021 is contrary to its own statements in the Company's preliminary proxy statement and prospectus dated September 21, 2020, which unambiguously states that the warrants "will become exercisable 30 days after the consummation of the Business Combination, and expire at 5:00 p.m., New York City time, five years after the consummation of the Business Combination or earlier upon redemption or liquidation."  That statement was reiterated by the Company in the

10

FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM

NYSCEF DOC. NO. 1

INDEX NO. 656963/2020

RECEIVED NYSCEF: 12/11/2020

November 12, 2020 definitive proxy statement and prospectus, which formed the basis of the shareholder vote on the QuantumScape transaction.  The Company's statements in these two SEC-filed documents, issued in connection with the actual business combination and issuance of common stock into which the warrants would be convertible, did not provide that the exercise period would be delayed until 12 months after the warrants were first sold.

47.     The Company, with the fully informed advice of its legal and financial consultants, was the author of the statements in the preliminary and final versions of the proxy statement and prospectus, which were publicly disseminated and available, served as the disclosure documents on which shareholders based their voting decision, and were required to contain all material information about the stock issued in the QuantumScape transaction.  Issuing and disseminating this information without mentioning any 12-month condition, knowing that the information would be communicated to and impact the public trading markets, was a deliberate and equivocal act, which demonstrates conclusively that the Company intended to waive the fulfillment of any such 12-month condition.

48.     Accordingly, the Company has waived the purported 12-month condition that would extend the exercise commencement date to June 30, 2021.

49.     Plaintiff and the Class will suffer irreparable injury if the Defendants are permitted to preclude warrant holders from exercising their warrants beginning on December 25, 2020.

50.     Plaintiff and the Class are entitled to relief declaring that Defendants are in breach of the contract and enjoining Defendants from continuing to breach the contract.

51.     In the alternative, Plaintiff and the Class are entitled to damages to compensate them for any and all harm caused by Defendants' breach.

11

FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM

NYSCEF DOC. NO. 1

INDEX NO. 656963/2020

RECEIVED NYSCEF: 12/11/2020

## COUNT II

### (For Breach of Contract – As Amended)

52.    Plaintiff realleges the preceding paragraphs as if fully set forth here.

53.    The warrant represents a contract between the Company, the warrant agent, and the holders of warrants.

54.    The warrant agreement contains an "Amendments" clause at Section 9.8, which states in relevant part:  "This Agreement may be amended by the parties hereto without the consent of the Registered Holder for the purpose of curing any ambiguity, or curing, correcting or supplementing any defective provision contained herein or adding or changing any other provisions with respect to matters or questions arising under the Agreement as the parties may deem necessary or desirable and that the parties deem shall not adversely affect the interest of the Registered Holders.  All other modifications or amendments, including any amendment to increase the Warrant Price or shorten the Exercise Period, shall require the vote or written consent of the Registered Holders of 50% of the then outstanding Public Warrants… Notwithstanding the foregoing, the Company may lower the Warrant Price or extend the duration of the Exercise Period pursuant to Section 3.1 and 3.2, respectively without the consent of the Registered Holders."

55.    The Company's preliminary proxy statement and prospectus dated September 21, 2020, unambiguously states that the warrants "will become exercisable 30 days after the consummation of the Business Combination, and expire at 5:00 p.m., New York City time, five years after the consummation of the Business Combination or earlier upon redemption or liquidation."  That statement was reiterated in the Company's November 12, 2020 definitive

12

FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM

NYSCEF DOC. NO. 1

INDEX NO. 656963/2020

RECEIVED NYSCEF: 12/11/2020

proxy statement and prospectus, which formed the basis of the shareholder vote on the QuantumScape transaction.

56.     The Company's statements in these two SEC-filed documents, issued in connection with the actual business combination and issuance of common stock into which the warrants would be convertible, omitted any requirement that 12 months elapse before the warrants would become exercisable, and thereby unilaterally extended the duration of the exercise period (beginning on December 25, 2020, rather than the later date of June 30, 2020, in each case, expiring no later than November 25, 2025), as it was permitted to do pursuant to Section 9.8 of the warrant agreement.

57.     The Company, with the fully informed advice of its legal and financial consultants, was the author of the statements in the preliminary and final versions of the proxy statement and prospectus, which were publicly disseminated and available, served as the disclosure documents on which shareholders based their voting decision, and were required to contain all material information about the stock issued in the QuantumScape transaction.  By issuing and disseminating this information to public trading markets without mentioning any 12-month condition, a deliberate and equivocal omission, the Company amended the terms of the warrant agreement to eliminate any 12-month requirement.

58.     Plaintiff and the Class will suffer irreparable injury if the Defendants are permitted to breach their contract by refusing to allow exercise of the warrants beginning on December 25, 2020.

59.     Plaintiff and the Class are entitled to relief declaring that the Company has amended the warrant agreement, and accordingly, Defendants are breaching the amended

13

FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM

NYSCEF DOC. NO. 1

INDEX NO. 656963/2020

RECEIVED NYSCEF: 12/11/2020

contract.  Plaintiff and the Class are entitled further relief enjoining Defendants from continuing to breach the contract.

60.     In the alternative, Plaintiff and the Class are entitled to damages to compensate them for any and all harm caused by Defendants' breach.

## COUNT III

### (For Breach of Contract – Promissory Estoppel)

61.     Plaintiff realleges the preceding paragraphs as if fully set forth here.

62.     The warrant represents a contract between the Company, the warrant agent, and the holders of warrants.

63.     The Company's preliminary proxy statement and prospectus dated September 21, 2020 contains a clear and unambiguous promise that the warrants "will become exercisable 30 days after the consummation of the Business Combination, and expire at 5:00 p.m., New York City time, five years after the consummation of the Business Combination or earlier upon redemption or liquidation."  That statement was reiterated in the Company's November 12, 2020 definitive proxy statement and prospectus, which formed the basis of the shareholder vote on the QuantumScape transaction.  The Company's statements in these two SEC-filed documents, issued in connection with the business combination and issuance of common stock into which the warrants would be convertible, clearly and deliberately omitted any requirement that 12 months elapse before the warrants would become exercisable.

64.     The Company, with the advice of their legal and financial consultants, was the author of the statements in the preliminary and final versions of the proxy statement and prospectus, which were publicly disseminated and available, served as the disclosure documents on which shareholders based their voting decision, and were required to contain all material

14

information about the stock issued in the QuantumScape transaction.  The Company disseminated this information to public markets without mentioning any 12-month condition, and instead stating clearly and unambiguously that the warrants "will become exercisable 30 days after the consummation of the Business Combination."

65.     The Company was aware that holders and purchasers of the warrants would rely to their detriment on the statements made in the public SEC filings.  Plaintiff and the other Class members reasonably and foreseeably relied upon the Company's public statements that the exercise period for the warrants would commence 30 days after the QuantumScape transaction closed.

66.     Plaintiff and the other class members suffered injury as a result of such reliance by purchasing and/or holding the warrants based on the Company's public statements that the exercise period would begin 30 days after the QuantumScape transaction closed.

67.      As a result, the Company is contractually bound by its statements in the preliminary and definitive versions of the proxy statement and prospectus concerning the exercise of the warrants, and accordingly, Defendants are breaching their agreement by refusing to allow the warrants to be exercised beginning on December 25, 2020.

68.      Plaintiff and the Class will suffer irreparable injury if the Defendants are permitted to breach their contract by refusing to allow exercise of the warrants beginning on December 25, 2020.

69.     Plaintiff and the Class are entitled to relief declaring that Defendants have breached their obligation to allow the warrants to be exercised beginning 30 days after the closing of the business combination on November 25, 2020.  Plaintiff and the Class are entitled further relief enjoining Defendants from continuing to breach their obligation.

15

FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM
NYSCEF DOC. NO. 1

INDEX NO. 656963/2020
RECEIVED NYSCEF: 12/11/2020

70.    In the alternative, Plaintiff and the Class are entitled to damages to compensate

them for any and all harm caused by Defendants' breach.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.    Certifying this action as a class action on behalf of all holders of warrants issued
      by the Company on June 30, 2020;

B.    Declaring that the Defendants have breached the warrant agreement by failing to
      allow the exercise of the warrants issued by the Company beginning 30 days after
      the consummation of its business combination on November 25, 2020;

C.    Issuing an injunction requiring Defendants to allow the exercise of the warrants
      beginning on December 25, 2020, and requiring Defendants to take all actions
      required by the warrant agreement for the registration of the shares to be issued in
      connection with the exercise of the warrants;

D.    Awarding damages resulting from Defendants' failure to allow exercise of the
      warrants 30 days after the consummation of the business combination on November
      25, 2020;

E.    Awarding Plaintiff reasonable attorneys' fees and costs; and

F.    Granting such other and further relief as the Court deems just and proper.


Dated:  Great Neck, New York
        December 11, 2020

                              Respectfully submitted,

                              **SHAHMOON KELLER PLLC**

                              _____

                              Carol S. Shahmoon
                              cshahmoon@shahmoonkeller.com
                              Gregory E. Keller
                              gkeller@shahmoonkeller.com
                              One Great Neck Road, Suite 7
                              Great Neck, NY 11021
                              Tel: (646) 517-4399
                              Fax: (646) 880-9359

                              *Counsel for Plaintiff Jeffrey Jakubiak*

4817-2251-8484, v. 6

16

**FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM**   INDEX NO. 656963/2020

NYSCEF DOC. NO. 2   RECEIVED NYSCEF: 12/11/2020

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 07/29/2019)

__SUPREME__ COURT, COUNTY OF __NEW YORK__

Index No: _____     Date Index Issued: _____

| | For Court Use Only: |
|---|---|
| | IAS Entry Date |
| | |
| | Judge Assigned |
| | |
| | RJI Filed Date |

**CAPTION**   Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

JEFFREY JAKUBIAK, Individually and On Behalf of All Others Similarly Situated,

Plaintiff(s)/Petitioner(s)

-against-

QUANTUMSCAPE CORPORATION, and CONTINENTAL STOCK TRANSFER & TRUST COMPANY

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING**   Check only one box and specify where indicated.

**COMMERCIAL**
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☒ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify):_____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**REAL PROPERTY**   Specify how many properties the application includes: _____
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify):   ☐ Residential   ☐ Commercial
  Property Address: _____
  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ☐ Tax Certiorari
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): _____

**OTHER MATTERS**
- ☐ Certificate of Incorporation/Dissolution   [see *NOTE* in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify): _____

**MATRIMONIAL**
- ☐ Contested
  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**TORTS**
- ☐ Asbestos
- ☐ Child Victims Act
- ☐ Environmental (specify): _____
- ☐ Medical, Dental or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify): _____
- ☐ Other Negligence (specify): _____
- ☐ Other Professional Malpractice (specify): _____
- ☐ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- ☐ CPLR Article 75 (Arbitration) [see *NOTE* in **COMMERCIAL** section]
- ☐ CPLR Article 78 (Body or Officer)
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 (Kendra's Law)
- ☐ MHL Article 10 (Sex Offender Confinement-Initial)
- ☐ MHL Article 10 (Sex Offender Confinement-Review)
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify): _____
- ☐ Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING**   Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☐ | ☒ | If yes, date filed: ____/____/_____ |
| Has a summons and complaint or summons with notice been served? | ☐ | ☒ | If yes, date served: ____/____/_____ |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: ____/____/_____ |

**NATURE OF JUDICIAL INTERVENTION**   Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental or Podiatric Malpractice   Date Issue Joined: ____/____/_____
- ☐ Notice of Motion   Relief Requested: _____   Return Date: ____/____/_____
- ☐ Notice of Petition   Relief Requested: _____   Return Date: ____/____/_____
- ☐ Order to Show Cause   Relief Requested: _____   Return Date: ____/____/_____
- ☐ Other Ex Parte Application   Relief Requested: _____
- ☐ Poor Person Application
- ☒ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

1 of 2

**FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM**

NYSCEF DOC. NO. 2

INDEX NO. 656963/2020

RECEIVED NYSCEF: 12/11/2020

| RELATED CASES | List any related actions.  For Matrimonial cases, list any related criminal or Family Court cases.  If none, leave blank. | | | | |
|---|---|---|---|---|---|
| | If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**. | | | | |
| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| PARTIES | | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. | | |
|---|---|---|---|---|
| | | If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**. | | |
| Un-Rep | Parties<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants<br>For represented parties, provide attorney's name, firm name, address, phone and email.  For unrepresented parties, provide party's address, phone and email. | Issue Joined<br>For each defendant, indicate if issue has been joined. | Insurance Carriers<br>For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: Jeffrey JaKubiak (on behalf of himself and others similarly siutated)<br>Role(s) Plaintiff | Gregory E. Keller<br>gkeller@shahmoonkeller.com<br>Carol S. Shahmoon<br>cshahmoon@shahmoonkeller.com<br>(646) 517-4399 | Shahmoon Keller PLLC<br>1 Great Neck Road, Suite 7<br>Great Neck, NY 11021 | ☐ YES  ☑ NO | |
| ☐ | Name: QuantumScape Corporation<br>Role(s) Defendant | 1730 Technology Drive<br>San Jose, California 95110 | (408) 452-2000 | ☐ YES  ☑ NO | |
| ☐ | Name: Continental Stock Transfer & Trust Company<br>Role(s) Defendant | One State Street, 30th Floor<br>New York, NY 10004 | (212) 509-4000 | ☐ YES  ☑ NO | |
| ☐ | Name:<br>Role(s): | | | ☐ YES  ☐ NO | |
| ☐ | Name:<br>Role(s): | | | ☐ YES  ☐ NO | |
| ☐ | Name:<br>Role(s): | | | ☐ YES  ☐ NO | |
| ☐ | Name:<br>Role(s): | | | ☐ YES  ☐ NO | |
| ☐ | Name:<br>Role(s): | | | ☐ YES  ☐ NO | |
| ☐ | Name:<br>Role(s): | | | ☐ YES  ☐ NO | |
| ☐ | Name:<br>Role(s): | | | ☐ YES  ☐ NO | |
| ☐ | Name:<br>Role(s): | | | ☐ YES  ☐ NO | |
| ☐ | Name:<br>Role(s): | | | ☐ YES  ☐ NO | |
| ☐ | Name:<br>Role(s): | | | ☐ YES  ☐ NO | |
| ☐ | Name:<br>Role(s): | | | ☐ YES  ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 12 / 11 / 2020

_____
Signature

2521037
_____
Attorney Registration Number

Carol S. Shahmoon
_____
Print Name

**FILED: NEW YORK COUNTY CLERK 12/11/2020 02:40 PM**
NYSCEF DOC. NO. 3

INDEX NO. 656963/2020
RECEIVED NYSCEF: 12/11/2020
UCS-840C
3/2011

**SUPREME COURT OF THE STATE OF NEW YORK**

COUNTY OF __NEW YORK__
_____x

JEFFREY JAKUBIAK, Individually and
On Behalf of Others Similarly Situated
-against-                                    Plaintiff(s)/Petitioner(s)

Index No. _____

RJI No. (if any) _____

QUANTUMSCAPE CORPORATION, and CONTINENTAL
STOCK TRANSFER & TRUST COMPANY          Defendant(s)/Respondent(s)
_____x

**COMMERCIAL DIVISION**
**Request for Judicial Intervention Addendum**

**COMPLETE WHERE APPLICABLE** [add additional pages if needed]:

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

☒ Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g. unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g. sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)

☐ Transactions governed by the Uniform Commercial Code (exclusive of those concerning individual cooperative or condominium units)

☐ Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only

☐ Shareholder derivative actions — without consideration of the monetary threshold

☒ Commercial class actions — without consideration of the monetary threshold

☐ Business transactions involving or arising out of dealings with commercial banks and other financial institutions

☐ Internal affairs of business organizations

☐ Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters

☐ Environmental insurance coverage

☐ Commercial insurance coverage (e.g. directors and officers, errors and omissions, and business interruption coverage)

☐ Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures — without consideration of the monetary threshold

☐ Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues — without consideration of the monetary threshold

**Plaintiff/Petitioner's claim for compensatory damages** [exclusive of punitive damages, interest, costs and counsel fees claimed]:

$ Damages resulting from the Defendants' failure to allow exercise of warrants 30 days after consummation of the business combination on November 25, 2020

**Plaintiff/Petitioner's claim for equitable or declaratory relief** [brief description]:

Declaring that Defendants have breached the warrant agreement by failing to allow exercise of the warrants beginning on December 25, 2020, and issuing an injunction requiring Defendants to allow the exercise of warrants beginning on December 25, 2020, and requiring Defendants to take all actions required by the warrant agreement for the registration of the shares to be issued in connection with the exercise of the warrants.

**Defendant/Respondent's counterclaim(s)** [brief description, including claim for monetary relief]:

_____

_____

_____

**I REQUEST THAT THIS CASE BE ASSIGNED TO THE COMMERCIAL DIVISION.  I CERTIFY THAT THE CASE MEETS THE JURISDICTIONAL REQUIREMENTS OF THE COMMERCIAL DIVISION SET FORTH IN 22 NYCRR § 202.70(a), (b) AND (c).**

**Dated:** 12 / 11 / 2020          _____
                                                              **SIGNATURE**

                                          Carol S. Shahmoon
                                          _____
                                                              **PRINT OR TYPE NAME**

FILED: NEW YORK COUNTY CLERK 12/15/2020 08:26 PM

NYSCEF DOC. NO. 4

INDEX NO. 656963/2020

RECEIVED NYSCEF: 12/15/2020

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | | |
|---|---|---|
| JEFFREY JAKUBIAK, Individually and On behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    -against-<br><br>QUANTUMSCAPE CORPORATION, and CONTINENTAL STOCK TRANSFER & TRUST COMPANY,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Index No.**<br><br><br>**SUMMONS**<br><br>Plaintiff designates New York County as the place of trial The Basis of Venue is CPLR § 503(a) |

## AFFIDAVIT OF SERVICE

I, Sterling Terriault, of DLS Discovery, do hereby certify that on December 15, 2020 at 10:05 a.m., I caused to be served a copy of the Summons, Complaint, Request for Judicial Intervention, Request for Judicial Intervention Addendum, Plaintiff's First Request for Discovery and Inspection Directed to All Defendants, and the Notice of Electronic Filing, upon Quantumscape Corporation, by serving its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

DLS DISCOVERY
824 N. Market Street, Suite 108
Wilmington, DE 19801
(302) 654-3345

By: _Sterling Terriault_

Printed Name:   Sterling Terriault

SWORN TO AND SUBSCRIBED before me this 15th day of December, 2020.

_____
NOTARY PUBLIC

*[Notary seal: JEFFREY A. LOW, COMMISSION EXPIRES August 28, 2021, NOTARY PUBLIC, STATE OF DELAWARE]*

FILED: NEW YORK COUNTY CLERK 12/16/2020 06:45 PM

NYSCEF DOC. NO. 5

INDEX NO. 656963/2020

RECEIVED NYSCEF: 12/16/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Plaintiff / Petitioner:

JEFFREY JAKUBIAK, Individually and On behalf of All Others
Similarly Situated

Defendant / Respondent:

QUANTUMSCAPE CORPORATION and CONTINENTAL STOCK
TRANSFER & TRUST COMPANY

**AFFIDAVIT OF SERVICE**

Index No:
656963/2020

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides in the state of New York.  On Wed, Dec 16 2020 AT 10:49 AM AT 1 State Street 30th Floor, New York, NY 10004 deponent served the within Summons and Complaint, RJI, RJI Addendum, Plaintiff's First Request for Discovery and Inspection Directed to All Defendants, Notice of Electronic Filing on CONTINENTAL STOCK TRANSFER & TRUST COMPANY

| | |
|---|---|
| ☐ | Individual: by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein. |
| ☒ | Corporation:   CONTINENTAL STOCK TRANSFER & TRUST COMPANY a defendant, therein named, by delivering a true copy of each to Elizabeth Pinto personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be an authorized recipient thereof. |
| ☐ | Suitable Person: by delivering thereat, a true copy of each to _____ a person of suitable age and discretion. |
| ☐ | Affixing to Door: by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at |
| ☐ | Mailing: Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, _____, and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with New York State. Mailed on _____. |
| ☐ | Military Service: I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes. |

Description:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Age: 30-35 | Skin Color: White | | Gender: Female | | | Weight: 145 | |
| Height: 5'5" | Hair: Brown | | Eyes: | | Relationship: | | |
| Other | | | | | | | |

Sworn to before me on *December 16, 2020*

_____
David Meaney
Lic. No. 2095682-DCA

Notary Public

David A. Meaney
1864 Lexington Ave. 25
New York, NY 10029
(917) 837-3803

IAN M. WILDMAN
Notary Public, State of New York
No. 01WI6324861
Qualified in New York County
Commission Expires May 18, 2023