UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :

JEFFREY JAKUBIAK,             :

                     :

           Plaintiff,    :      20 Civ. 10842 (LGS)

                     :

       - against -     :

                     :

QUANTUMSCAPE CORPORATION,  :

                     :

          Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :

BJI FINANCIAL GROUP INC. and  :
BRIAN WALSH           :

                     :      21 Civ. 08755 (LGS)

          Plaintiffs,  :

                     :

       - against -     :

                     :

QUANTUMSCAPE CORPORATION,  :

                     :

          Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :

MICHAEL ASSANTE, JOHN    :
WILSCHKE, and HEADWATERS  :      21 Civ. 09565 (LGS)
HOLDINGS LLC,         :

                     :

          Plaintiffs,  :

                     :

       - against -     :

                     :

QUANTUMSCAPE CORPORATION,  :

                     :

          Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## [PROPOSED] PROTECTIVE ORDER

The Court having found that good cause exists for issuance of an appropriately tailored

confidentiality order governing the pre-trial phase of this action, and the parties having stipulated

to the following provisions, it is hereby ORDERED that any person subject to this Order –

including without limitation the parties to this action, their attorneys, representatives, agents,

experts and consultants, acting as such, all third parties providing discovery in this action, and all

other interested persons with actual or constructive notice of this Order shall adhere to the

following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential or Highly Confidential**

1.      Any person subject to this Order who receives from any other

person any "Discovery Material" (*i.e.*, information of any kind

provided in the course of discovery in this action) that is designated

as "Confidential" or "Highly Confidential" pursuant to the terms of

this Order shall not disclose such Confidential Discovery Material

to anyone else except as expressly permitted hereunder and shall use

Discovery Material only for purposes of the above-captioned action.

2.      Either party may designate Documents produced, or Testimony given,

in connection with this action as "Confidential" or "Highly

Confidential", either by notation on the document, statement on the

record of the deposition, written advice to the respective undersigned

counsel for the parties hereto, or by other appropriate means.

**Confidential Documents**

3.      As used herein:

(a)     "Confidential Information" shall mean all Documents and

Testimony, and all information contained therein, and other

information designated as confidential, if such Documents or

2

Testimony contain non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the Producing party, seriously harm the Producing party's business, commercial, or financial interests or cause the Producing party to violate his, her, or its privacy or confidentiality obligations to others.

(b)  "Producing party" shall mean the parties to this action and any third- parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(c)  "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4.  The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the Producing party, seriously harm the Producing party's business, commercial, or financial interests or cause the Producing party to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-

confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

5.    With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing party or that party's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

6.    If at any time prior to the trial of this action, a Producing party realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the Producing party may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the Producing party shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within four (4) business days of providing such notice.

7.     This Protective Order applies to all documents produced and designated

Confidential by any party or non-party in the New York State Supreme

Court action captioned *Michael Assante, et al. v. QuantumScape*

*Corporation,* Index No. 657256/2020.   All documents produced in that

action shall be deemed to have been produced in this Action.

8.     This Protective Order shall not apply to any document or information

that has been obtained from a source other than the Producing party,

that has previously been publicly available, or that is filed in this

Action and is not ordered to be sealed in accordance with Judge

Schofield's Individual Rule I.D.3.

**Who May Receive Confidential Materials**

9.     No person subject to this Order, other than the Producing party, shall

disclose any Confidential Discovery Material to any other person

whomsoever, except to:

(a)     the parties to this action;

(b)     outside counsel of record in this action and any paralegal,

clerical or other assistant employed by such counsel and

reasonably necessary to assist such counsel in the litigation of

this action;

(c)     the author(s) and addressee(s) of any document, any person

shown on the face of the document as having received a copy,

and any current officer or employee of the Producing party.

(d)      any witness who counsel for a party in good faith believes may

be called to testify at trial or deposition in this action, provided

such person has first executed a Non-Disclosure Agreement in

the form annexed hereto ("Exhibit A");

(e)      any deponent to whom counsel for a party believes, in good

faith, that tendering the document is necessary to elicit

deposition testimony relevant to matters in this case, provided

that deposing counsel has provided the deponent with a copy of

this Order and made a good faith effort to have the deponent

execute Exhibit A;

(f)      any person retained by a party to serve as an expert witness or

consultant or otherwise provide specialized advice to counsel in

connection with this action, provided such person has first

executed Exhibit A;

(g)      stenographers and video technicians engaged to transcribe

or record depositions conducted in this action;

(h)      independent photocopying, graphic production services, or other

litigation support services employed by the parties or their

counsel to assist in this action, including computer service

personnel performing duties in relation to a computerized

litigation system;

(i)      the Court and its staff; and

(j)     any other person whom the Producing party agrees in writing may have access to Confidential Discovery Material.

10.     Counsel shall retain each signed Exhibit A from each person who is required under the Order to sign Exhibit A prior to the disclosure to that person of Confidential Discovery Material.

**Highly Confidential Documents**

11.     Counsel for any party may designate any document or information, in whole or in part, as Highly Confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise extremely sensitive, highly confidential non-public information, the disclosure of which to an opposing party would create a substantial risk of competitive or business injury to the disclosing party ("Highly Confidential Information"). Information and documents designated by a party under this classification will be stamped "HIGHLY CONFIDENTIAL."

12.     Other than as set forth below, all restrictions and procedures set forth in the Order with respect to documents and information designated Confidential shall also apply to Highly Confidential Information.

13.     The parties agree that the scope of disclosure for Confidential information set out in Paragraph 9 of the Order shall not apply to Highly Confidential Information. Instead, all Highly Confidential

Information shall not be disclosed by the receiving party to any person, except:

(a)    Outside counsel for the receiving party;

(b)    Employees of such counsel assigned to and necessary to assist in the litigation;

(c)    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and its staff, provided such persons have first executed Exhibit A.

(d)    The Court and its staff (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

14.    The parties further agree that information designated as HIGHLY CONFIDENTIAL may be shown to a current officer or employee of the disclosing party at any deposition of such an officer, employee, or party, and to a person shown on the face of the document to have authored the document or received it prior to commencement of this action, at any deposition of such person.

15.    The parties further agree that information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL may be shown to the officer taking, reporting, or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition, provided that such individuals are bound to protect

confidential information either by their services contract with counsel or by execution of Exhibit A.

16.     The parties further agree that information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL may be shown to employees of any copying, imaging, computer services, and/or litigation support services hired by the receiving party in connection with the litigation of this action, to the extent those individuals are bound to protect confidential information either by their services contract with counsel or by execution of Exhibit A.

17.     The parties further agree that all or any portion of the transcript(s) of any deposition in this action shall be subject to the terms of this Order, and can be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL by the Producing Party.  Such a designation may be made either at the deposition or within five (5) business days of receipt of the transcript of the deposition.  Any notice provided of such a designation within five (5) business days of receipt of the transcript shall be provided to counsel for the other party in writing, email being sufficient, and shall specify that portion of the deposition transcript to be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL. Attorneys for the parties shall treat any deposition transcript as CONFIDENTIAL until such five- day period for notice has elapsed. If Highly Confidential Information was introduced as an exhibit at a deposition, attorneys for the parties shall treat the deposition transcript

as HIGHLY CONFIDENTIAL until such five-day period

for notice has elapsed.

**Filing Confidential or Highly Confidential Materials in this Action**

18.    Any party that objects to any designation of confidentiality may at any

time prior to the trial of this action serve upon the designating person

and all other parties a written notice stating with particularity the

grounds of the objection. If agreement cannot be reached promptly, the

party objecting to the designation may move for relief in accordance

with the rules and procedures of this Court. The burden shall be on the

Producing party to show why its classification is proper.

19.    Documents comprising or containing Confidential or Highly

Confidential Information may be filed under seal only as provided in

Judge Schofield's Individual Rule I.D.3. All persons are hereby

placed on notice that the Court is unlikely to seal or otherwise afford

confidential treatment to any Confidential Discovery Material

introduced in evidence at trial, even if such material was previously

designated as Confidential or sealed during pretrial proceedings.

20.    Each person who has access to Confidential Discovery Material shall

take all due precautions to prevent the unauthorized or inadvertent

disclosure of such material.

**Inadvertent Disclosure of Privileged Materials**

21.    If, in connection with this litigation, and despite having taken reasonable

steps to prevent the disclosure of information that it claims is subject to a

claim of attorney-client privilege or attorney work product, a Producing

party inadvertently discloses information subject to a claim of attorney-

client privilege or attorney work product protection ("Inadvertently

Disclosed Information"), such disclosure, in itself, shall not constitute or

be deemed a waiver or forfeiture of any claim of privilege or work

product protection with respect to the Inadvertently Disclosed

Information and its subject matter.

22.     If a disclosing person makes a claim of inadvertent disclosure, all

receiving persons shall, within five (5) business days, return or destroy

all copies of the Inadvertently Disclosed Information, and provide a

certification of counsel that all such information has been returned or

destroyed.

23.     Within five (5) business days of the notification that such Inadvertently

Disclosed Information has been returned or destroyed, the disclosing

person shall produce a privilege log with respect to the Inadvertently

Disclosed Information.

24.     If a receiving person thereafter moves the Court for an order

compelling production of the Inadvertently Disclosed Information, that

motion shall be filed under seal, and shall not assert as a ground for

entering such an order the mere fact of the inadvertent production. The

disclosing person retains the burden of establishing the privileged or

protected nature of any Inadvertently Disclosed Information. Nothing

in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

**Termination of the Litigation**

25.    This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the Producing party or destroyed. Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of all pleadings, expert reports, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts and hearing transcripts, and exhibits offered or introduced into evidence at any hearing or trial, emails and their attachments, and their attorney work product which refers or is related to any Confidential Discovery Material for archival purposes only. Any such archived copies that contain or constitute Confidential Discovery Material remain subject to this Order and shall be maintained in confidence by outside counsel for the party retaining the materials.

26.    During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order, including all persons who signed Exhibit A, to the extent necessary to enforce any

27.     obligations arising hereunder or to impose sanctions for any contempt

thereof.

28.     The parties acknowledge that the Court retains discretion as to whether,

in Orders and Opinions, to afford confidential treatment to information

that the parties have redacted, sealed or designated as Confidential

Discovery Material.

So Ordered.

Dated: January 20, 2022

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**SHAHMOON KELLER PLLC**

*s/ Gregory E. Keller*
Gregory E. Keller
gkeller@shahmoonkeller.com
Carol S. Shahmoon
cshahmoon@shahmoonkeller.com

One Great Neck Road, Suite
7 Great Neek, NY 11021
Tel: (646) 517-4399
Fax: (646) 880-9359

*Counsel for Plaintiffs Jeffrey Jakubiak,
BJI Financial Group Inc., Brian Walsh,
Michael Assante, John Wilschke, and
Headwaters Holdings, LLC*

*s/ David Spears*
David Spears
Cynthia Chen
SPEARS & IMES LLP
51 Madison Avenue
New York, New York 10010
Telephone: (212) 213-6996
Facsimile: (212) 213-0849
Email: dspears@spearsimes.com
Email: cchen@spearsimes.com

WILSON SONSINI GOODRICH &
ROSATI
Professional Corporation

Sheryl Shapiro Bassin
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: sbassin@wsgr.com

Rebecca L. Epstein (admitted *pro hac vice*)
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: bepstein@wsgr.com

*Counsel for Defendant QuantumScape
Corporation*

SO ORDERED

_____

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                            :

JEFFREY JAKUBIAK,                 :

                            :

               Plaintiff,     :      20 Civ. 10842 (LGS)

                            :

          - against -      :

                            :

QUANTUMSCAPE CORPORATION,  :

                            :

               Defendant.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                            :

BJI FINANCIAL GROUP INC. and  :
BRIAN WALSH            :

                            :      21 Civ. 08755 (LGS)

               Plaintiffs,   :

                            :

          - against -      :

                            :

QUANTUMSCAPE CORPORATION,  :

                            :

               Defendant.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                            :

MICHAEL ASSANTE, JOHN      :
WILSCHKE, and HEADWATERS   :      21 Civ. 09565 (LGS)
HOLDINGS LLC,          :

                            :

               Plaintiffs,   :

                            :

          - against -      :

                            :

QUANTUMSCAPE CORPORATION,  :

                            :

               Defendant.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      I,_____[print name], acknowledge that I have read and

understand the Protective Order in this action governing the non-disclosure of those

portions of Discovery Material that have been designated as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL." I agree that I will not disclose such Confidential

Discovery Material to anyone other than for purposes of this litigation and that at the

conclusion of the litigation I will return all discovery information to the party or attorney

from whom I received it. By acknowledging these obligations under the Protective

Order, I understand that I am submitting myself to the jurisdiction of the United States

District Court for the Southern District of New York for the purpose of any issue or

dispute arising hereunder and that my willful violation of any term of the Protective

Order could subject me to punishment for contempt of Court.


     Dated:_____     _____

                                  [Signature]